ORIGINAL

DINDAENG SOK
*In Pro Per*
A# 021-607-186
Adelanto Detention Facility
10250 Rancho Rd.
Adelanto, CA 92301




UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINDAENG SOK<br><br>PETITIONER,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States: DAVID JENNINGS, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIEL VALDEZ, Assistant Field Office Director, Adelanto Detention Facility, WARDEN, Geo Group, Adelanto Detention Facility<br><br>RESPONDENT. | CV18-00071 PA(SK)<br><br>DHS Case No.: A# 021-607-186<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241); MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**<br><br>(Filed in lieu of form CV-27) |

# PETITION[1]

1. **Place of Detention:** At the time of filing the initial petition, Petitioner is detained by Immigration and Customs and Enforcement ("ICE") at the Adelanto Detention Facility in Adelanto, California.

2. **Name and Location of Court Which Imposed Removal Order:** Executive Office of Immigration Review, Eloy, Arizona.

3. **The Immigration Case Number:** DHS ("Department of Homeland Security") A#021-607-186.

4. **The Date Upon Which Removal Order Was Imposed:** Mr. Sok was ordered removed by an Immigration Judge on February 28, 2008.

5. **Check Whether a Finding of Guilty Was Made:** Not applicable.

6. **If You Were Found Guilty After a Plea of Not Guilty, Check Whether that Finding Was Made by A Jury or Judge Sitting Without a Jury:** Not applicable.

7. **Did You Appeal from the Removal Order?** No.

8. **If You Did Appeal, Give the Following for Each Appeal:** Not applicable.

---

[1] This Petition, while filed by Mr. Sok *in pro per*, was drafted with substantial assistance by the Office of the Federal Public Defender.

2

**9. State concisely every ground on which you claim you are being held unlawfully. Summarize briefly, the facts supporting each ground.**

    **a.**     **Ground One:** Continued detention in this matter violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.* For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

    **Supporting Facts:** It appears that Immigration and Customs Enforcement ("ICE") has detained Mr. Sok for the presumptively reasonable six month period. He received a final order of removal on February 28, 2008. Upon information and belief, Mr. Sok was then detained by immigration authorities for approximately five months before being released. He was again detained by ICE on December 9, 2017. Accordingly, it appears that ICE has already held Mr. Sok for six months in the aggregate. When that threshold is reached, further detention is only justified if there is a significant likelihood of removal in the reasonably foreseeable future. To date, there is no evidence that immigration authorities are likely to obtain the travel documents necessary to his removal.

10. **Have You Filed Previous Petitions of Habeas Corpus, Motions Under Section 2255 of Title 28, United States Code, or Any Other Applications, Petitions or Motions With Respect to the Removal Order?** No.

11. **If Your Answer to Question No. 10 Was Yes, Give the Following Information:** Not applicable.

12. **Do you have any petition, appeal or parole matter pending in any court, either state or federal, as to the removal order under attack?** No.

13. **Are you presently represented by counsel?** No. However, petitioner is applying for appointment of counsel concurrently with this petition.

14. **If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?** Not applicable.

**WHEREFORE, petitioner prays that the court hold an evidentiary hearing and grant petitioner relief to which he may be entitled in this proceeding.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 1-4-2018                    By: /s/ Dindaeng Sok
                                   DINDAENG SOK
                                   Petitioner in *Pro Per*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

It appears that Dindaeng Sok has been in post-removal order detention for an aggregate period of six months. Immigration authorities' apparently inability to obtain the travel documents necessary to remove him suggests that there is no reason to believe that he will be removed in the reasonably foreseeable future. Accordingly, this Court should grant the habeas petition and order that Mr. Sok be released on appropriate conditions.

## II. ANALYSIS

**A.  Mr. Sok Must Be Released Because There is No Good Reason to Believe Mr. Sok Will Be Deported in the Reasonably Foreseeable Future.**

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) the United States Supreme Court confronted the question of whether the Immigration and Nationality Act allowed the Immigration and Naturalization Service ("INS") to detain aliens indefinitely while it sought to have them removed. Title 8, U.S.C. §1231(a)(1) provides that the INS shall remove an alien within 90 days of his removal order; 8 U.S.C. § 1231(a)(2) provides that the Attorney General shall detain the alien during the removal period. Title 8, U.S.C. § 1231(a)(3) provides for the supervision of aliens in the community after the 90-day period. But 8 U.S.C. § 1231(a)(6) provides that certain aliens may be detained even after the 90-day period. In *Zadvydas*, the Supreme Court interpreted these statutes against the backdrop of the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and held that the statute does not authorize indefinite detention. *Id.* at 688-92. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.*

For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

Over the course of two periods of detention, it appears that ICE has already detained Petitioner for the presumptively reasonable six-month period. Under 8 U.S.C. § 1231(a)(1)(B), the removal period began when his removal order became final on February 28, 2008. Upon information and belief, immigration authorities then detained Mr. Sok until approximately July 2008. He was subsequently released, apparently because immigration authorities were unable to get the travel documents necessary to remove him. He was again detained on December 9, 2017, but he has still yet to be removed. Because there is no evidence that Petitioner's removal is imminent, Petitioner asks the Court to order Respondents to release Mr. Sok on reasonable conditions of release.

**B.    In The Alternative, Even If Removal Is Reasonably Foreseeable, Mr. Sok Should Be Released on Conditions Because Preventive Detention Is Not Warranted in This Case.**

Furthermore, regardless of whether this Court finds that Mr. Sok's removal is reasonably foreseeable, he should be released on conditions. The Supreme Court has upheld preventive detention for the protection of the community "only when limited to specially dangerous individuals and subject to strong procedural protections."

7

*See Zadvydas*, 533 U.S. at 690-91 (citing *Kansas v. Hendricks*, 521 U.S. 346 (1997), and *United States v. Salerno*, 481 U.S. 739 (1987)). Thus, even if Respondents could meet the burden of showing that Mr. Sok's removal will occur in the reasonably foreseeable future, he should nevertheless be released on conditions pending his removal because he is not a "specially dangerous" individual. Under the Department of Homeland Security's ("DHS") current regulatory scheme, the burden is on the alien to show that he is not dangerous. *See* 8 C.F.R. § 241.4(d)(1). When extended past the statutorily authorized 90-day removal period, this regulatory scheme violates Mr. Sok's liberty interest by imposing preventive detention without the constitutionally requisite showing. *See Zadvydas*, 533 U.S. at 690-91; *see also Hendricks*, 521 U.S. at 368 (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and "provides strict procedural safeguards"); *Salerno*, 481 U.S. at 747, 751-52 (in upholding pretrial detention based on dangerousness, stressing "stringent time limitations," the fact that detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards).

Therefore, this Court should order Respondents to release Mr. Sok even if it finds Petitioner's removal is significantly likely in the reasonably foreseeable future. The Respondents cannot justify the reasonableness of continued detention on the basis of his risk of committing further crimes pursuant to the standards set out in *Hendricks* and *Salerno*.

## III. CONCLUSION

For the foregoing reasons, Mr. Sok respectfully requests the Court grant his writ of habeas corpus and that he be released under reasonable conditions of supervision. Alternatively, Mr. Sok requests that the Court set a hearing in this matter and require Respondents to produce Mr. Sok for the hearing.

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

IN THE UNITED STATES  ☐ DISTRICT COURT    ☐ COURT OF APPEALS    ☐ OTHER *(Specify below)*

IN THE CASE OF _____ v. _____    FOR _____    AT _____

LOCATION NUMBER: _____

PERSON REPRESENTED *(Show your full name)*: **SOK, Dindaeng**

| | |
|---|---|
| 1 ☐ Defendant - Adult | DOCKET NUMBERS |
| 2 ☐ Defendant - Juvenile | Magistrate Judge |
| 3 ☐ Appellant | |
| 4 ☐ Probation Violator | District Court |
| 5 ☐ Supervised Release Violator | |
| 5 ☐ Habeas Petitioner | Court of Appeals |
| 7 ☐ 2255 Petitioner | |
| 8 ☐ Material Witness | |
| 9 ☐ Other *(Specify)* | |

CHARGE/OFFENSE *(describe if applicable & check box →)*    ☐ Felony    ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
- Are you now employed?  ☐ Yes  ☒ No  ☐ Self-Employed
- Name and address of employer: _____
- IF YES, how much do you earn per month? $ _____
- IF NO, give month and year of last employment? **7/2008**
- How much did you earn per month? $ **1500**
- If married, is your spouse employed?  ☐ Yes  ☐ No
- IF YES, how much does your spouse earn per month? $ _____
- If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☐ Yes  ☒ No
- RECEIVED / SOURCES
- IF YES, give the amount received and identify the sources: $ _____

**CASH**
Do you have any cash on hand or money in savings or checking accounts?  ☒ Yes  ☐ No  IF YES, total amount? $ **100**

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes  ☒ No
- IF YES, give value and description for each: VALUE / DESCRIPTION

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
- MARITAL STATUS: **X** Single / ___ Married / ___ Widowed / ___ Separated or Divorced
- Total No. of Dependents: **0**
- List persons you actually support and your relationship to them: _____

**DEBTS & MONTHLY BILLS** *(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Ø | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED)    Date: **1/4/2018**

**PROOF OF SERVICE**

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served the Petition; Ex Parte Application for Appointment of Counsel and [Proposed] Order Appointing Counsel.

On January 11, 2018, following ordinary business practice, service was placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

Civil Process Clerk
United States Attorney's Office
Central District of California
300 North Los Angeles Street
Suite 7516
Los Angeles, California 90012

This proof of service is executed at Los Angeles, California, on January 11, 2018. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 11, 2018       By: /s/ Rosalinda Lozano
                                   Rosalinda Lozano

7